774 F.2d 1162
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
F-O-R-T-U-N-E Franchise Corporation,
Defendant-Counter-plaintiff-Appellant,
v.
June M. Elwell & Associates, Inc., a Michigan Corporation,
Counter-defendants.
 No. 84-1556
 United States Court of Appeals, Sixth Circuit.
 9/18/85
 
 E.D.Mich.
 CERTIFICATION ORDERED
 ORDER
 Before: MERRITT and JONES, Circuit Judges; BROWN, Senior Circuit Judge.
 
 
 1
 This diversity case involving a contract action on a franchise agreement requires interpretation of the Michigan Franchise Investment Law, MCLA 445.1501 et seq. The franchisee sued for rescission under section 31 of the Franchise Investment Law, MCLA 445.1501(31), which provides: 'A person who offers or sells a franchise in violation of sections 5(1), 6, or 16 is liable to the person purchasing the franchise for damages or rescission.' The franchisee alleged that the franchisor made an offer to sell while the franchisor was unregistered in Michigan. The franchisor counter-claimed for breach of contract. The District Court granted summary judgment for the franchisee and held that the Michigan statute afforded the franchisee automatic rescission as a remedy. The Court also awarded plaintiff attorney's fees.
 
 
 2
 The franchisor appeals from the District Court's summary judgment, arguing inter alia that an offer that is illegal because made while a franchisor is unregistered in Michigan is cured when the actual sale does not transpire until after registration. The franchisor also argues that: (1) its pre-registration dealings with the franchisee cannot correctly be deemed an offer for purposes of the Franchise Investment Law; (2) common law and equitable defenses should be read into the statute; and (3) the District Court erred by leaving the parties as they were to effect rescission.
 
 
 3
 Michigan courts have not construed the Franchise Investment Law relative to the foregoing issues. The parties were advised at oral argument to submit an order for certification to the Michigan Supreme Court. The parties should attempt to agree on the questions to be certified and submit an agreed order. If the parties cannot agree on the issues to be presented for certification, they should submit separate proposed orders.
 
 
 4
 Accordingly, it is so ORDERED.